Case 5:19-cv-00081   Document 19   Filed on 02/25/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIANA M. SANDOVAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 5:19-CV-81 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION TO
# REVERSE AND REMAND FOR FURTHER PROCEEDINGS

Before the Court is Defendant's Unopposed Motion to Reverse and Remand, which the Court recommends granting. (Dkt. No. 17). The Commissioner has requested that the Court remand the case so that the Commissioner can conduct further administrative proceedings. *Id.* In Plaintiff's opening brief, the Plaintiff argued that the Commission improperly failed to have a qualified psychiatrist or psychologist review her medical evidence when denying her benefits. (Dkt. No. 15 at 4). Plaintiff also challenged the authority of the Administrative Law Judge to hear the case. *Id.* at 4-9. Rather than respond, Defendant filed the instant motion, which would offer much of the relief that Plaintiff sought.[1] Plaintiff is unopposed to the Motion, which seeks reversal, remand, and entry of judgment. (Dkt. No. 17 at 4).

Under sentence four of 42 U.S.C § 405(g), "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming modifying, or reversing the decision

---

[1] Specifically, the Defendant stated that "Upon remand, the Appeals Council will direct the Administrative Law Judge (ALJ) to further consider whether Plaintiff has a severe mental health impairment; obtain any outstanding mental health treatment records; if warranted, obtain a psychiatric consultative evaluation; reconsider Plaintiff's residual functional capacity in light of the reconsidered evidence and updated record; offer Plaintiff the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision." (Dkt. No. 17 at 3).

of the Commissioner of Social Security, with or without remanding the cause for a hearing." Reversal and remand under this section acts as a final judgment for the plaintiff. *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a remand under sentence four "terminates the litigation with victory for the plaintiff"). Courts have consistently used this section to quickly grant unopposed motions from the Commissioner to reverse and remand a Social Security case for further proceedings. *Bucsanyi v. Barnhart*, 54 Fed. App'x. 793, 2002 WL 31845183 (5th Cir. 2002) ("This court appreciates the candor of the Commissioner's attorney in acknowledging, albeit only a few days before oral argument, that counsel 'does not believe the [administrative law judge's] decision is defensible.'"); *see also Malmstead v. Commissioner of Social Security*, No. 2:19-CV-144 (S.D. Tex. Dec. 18, 2019) (granting unopposed motion); *Matthews v. Berryhill*, No. 4:18-CV-4795 (S.D. Tex. July 11, 2019) (same).

Because the Commissioner's motion is unopposed, the undersigned RECOMMENDS for the District Court to GRANT the motion, REVERSE the Administrative Law Judge's decision, REMAND the case for further administrative proceedings in accordance with Defendant's motion, and ENTER judgment for Plaintiff as required by 42 U.S.C. § 405(g).

## NOTICE OF RIGHT TO OBJECT

The parties may file objections to this Report and Recommendations. Objections to any part of this Report and Recommendations must be specific, written objections and must be filed within 14 days after Petitioner is served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendations to all parties.

Signed on February 25, 2020, at Laredo, Texas.

*/s/ Diana Song Quiroga*
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE